James Hannah (Bar No. 237978)
KRAMER LEVIN NAFTALIS & FRANKEL LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
jhannah@kramerlevin.com

Attorneys for Defendant
TetraMem Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| XIAOHUA HUANG,<br><br>               Plaintiff,<br><br>    v.<br><br>TETRAMEM INC.,<br><br>               Defendant. | Case No. 5:24-cv-07181-PCP<br><br>**DEFENDANT TETRAMEM INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE PLAINTIFF XIAOHUA HUANG'S FIRST AMENDED COMPLAINT UNDER RULES 12(b)(6) AND 12(f) OF FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Date:      January 23, 2025<br>Time:     10:00 a.m.<br>Ctrm.:    8, 4th Floor<br>Before:   Hon. P. Casey Pitts |

## <u>TABLE OF CONTENTS</u>

**Page**

NOTICE OF MOTION AND MOTION ..................................................................................1

STATEMENT OF RELIEF REQUESTED ...........................................................................1

I.     INTRODUCTION ........................................................................................................2

II.    STATEMENT OF ISSUES TO BE DECIDED .........................................................3

III.   STATEMENT OF FACTS ..........................................................................................4

IV.   ARGUMENT ...............................................................................................................5

      A.     TetraMem's Motion to Dismiss Should be Granted Because Plaintiff Fails to State a Claim of Patent Infringement Against TetraMem Under Rules 8(a)(2) and 12(b)(6) of Fed. R. Civ. P. ................................5

           1.    Plaintiff Fails to Plead Direct Infringement.................................. 7

           2.    Plaintiff Fails to Plead Induced Infringement ............................. 10

           3.    Plaintiff Fails to Plead Contributory Infringement .................... 11

      B.     Dismissal Should Be With Prejudice as Plaintiff Has Had Multiple Opportunities Already to Plead a Proper Complaint ................................12

      C.     TetraMem's Motion to Strike Paragraphs 10, 11, 12, 13, and 14 of the FAC, pursuant to Rule 12(f) of Fed. R. Civ. P. ................................13

V.    CONCLUSION..........................................................................................................15

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
    620 F. App'x 934 (Fed. Cir. 2015) ...............................................................................11

*Artrip v. Ball Corp.*,
    735 F. App'x 708 (Fed. Cir. 2018) ...............................................................................11

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...............................................................................................2, 6, 7

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)......................................................................................2, 6, 7, 9, 10

*Commil USA, LLC v. Cisco Sys., Inc.*,
    575 U.S. 632 (2015) ......................................................................................................10

*CTH 1 Caregiver v. Owens*,
    No. 8:11-cv-2215-TMC, 2012 WL 2572044 (D.S.C. July 2, 2012)...............................13

*Document Sec. Sys., Inc. v. Everlight Elecs. Co.*,
    No. CV 17-04273 JVS, 2017 WL 10545081 (C.D. Cal. Nov. 16, 2017) ...................8, 9

*DSU Med. Corp. v. JMS Co.*,
    471 F.3d 1293 (Fed. Cir. 2006)....................................................................................10

*Fantasy, Inc. v. Fogerty*,
    984 F.2d 1524 (9th Cir. 1993), *reversed and remanded on other grounds by*
    114 S.Ct. 1023 (1994).............................................................................................13, 14

*Ghahremani v. Borders Grp., Inc.*,
    No. 10-cv-1248-BEN-RBB, 2010 WL 4008506 (S.D. Cal. Oct. 6, 2010) ...................13

*Golden v. Apple Inc.*,
    819 F. App'x 930 (Fed. Cir. 2020), *cert. denied*, 141 S. Ct. 1067 (2021)....................8

*Huang v. Amazon.com, Inc.*,
    No. 19-cv-05853-WHA (N.D. Cal.) ........................................................................12, 13

*Huang v. Amazon.com Inc.*,
    No. 23-cv-04679-NC, Dkt. No. 95 (N.D. Cal. Jan. 26, 2024) ......................................12

*Huang v. Genesis Glob. Hardware, Inc.*,
    No. 2:20-cv-1713-JAM-KJN, Dkt. No. 33 (E.D. Cal. Dec. 15, 2020) ........................4, 5

i

*Huang v. Huawei Techs. Co.*,
   No. 2:15-cv-01413-JRG-RSP, 2017 WL 1133201 (E.D. Tex. Mar. 27, 2017),
   *aff'd*, 735 F. App'x 715 (Fed. Cir. 2018) ..................................................................5

*Huang v. MediaTek USA, Inc.*,
   815 F. App'x 521 (Fed. Cir. 2020) ...........................................................................5

*Huang v. Nephos Inc.*,
   No. 18-cv-06654-WHA, Dkt. No. 1 (N.D. Cal. Nov. 1, 2018).............................12, 13

*Huang v. Open-Silicon, Inc.*,
   No. 18-cv-00707-JSW, Dkt. No. 86 (N.D. Cal. Oct. 29, 2018)) .............................5

*Huang v. Open-Silicon, Inc.*,
   No. 18-cv-00707-JSW, 2018 U.S. Dist. LEXIS 221487 (N.D. Cal Aug. 27, 2018) .......................5

*Huang v. TetraMem Inc.*,
   No. 23-cv-04936-SVK (N.D. Cal. 2023) ...........................................................*passim*

*RDF Media Ltd. v. Fox Broad. Co.*,
   372 F. Supp. 2d 556 (C.D. Cal. 2005) .....................................................................15

*Sandisk Corp. v. Lexar Media, Inc.*,
   91 F. Supp. 2d 1327 (N.D. Cal. 2000) .....................................................................11

*Scripps Rsch. Inst. v. Illumina, Inc.*,
   No. 16-cv-661 JLS (BGS), 2016 WL 6834024 (S.D. Cal. Nov. 21, 2016) ..............7

*Sliding Door Co. v. KLS Doors, LLC*,
   No. EDCV 13-00196 JGB (DTBx), 2013 WL 2090298 (C.D. Cal. May 1, 2013) ......6

*Starr v. Baca*,
   652 F.3d 1202 (9th Cir. 2011) ..................................................................................6

*Vita-Mix Corp. v. Basic Holding, Inc.*,
   581 F.3d 1317 (Fed. Cir. 2009)................................................................................10

**Statutes**

35 U.S.C. § 271(c) ..........................................................................................................11

35 U.S.C. § 285................................................................................................................2

**Other Authorities**

Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed. 2011)................................13

Fed. R. Civ. P. Rule 8(a)(2) ............................................................................1, 2, 5, 15

ii

Fed. R. Civ. P. Rule 12(b)(6) ................................................................................1, 2, 5, 12, 15

Fed. R. Civ. P. Rule 12(f) ....................................................................................1, 13, 15

iii

**NOTICE OF MOTION AND MOTION**

TO PLAINTIFF XIAOHUA HUANG:

NOTICE IS HEREBY GIVEN that, on January 16, 2025, at 10:00 a.m. in Courtroom 8, 4th Floor before the Honorable P. Casey Pitts of the United States District Court for the Northern District of California, located at 280 South First Street, San Jose, CA 95113, Defendant TetraMem Inc. ("TetraMem") will, and hereby does, move this Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing all claims against TetraMem that Plaintiff Xiaohua Huang asserts in his First Amended Complaint (Dkt. No. 26, "FAC") and motion to strike allegations pursuant to Federal Rules of Civil Procedure Rule 12(f).

This motion is supported by this Notice of Motion, the following Memorandum of Points and Authorities, the files, records, and pleadings in this action, any arguments presented at the time of the hearing on this motion, and all matters of which the Court may take judicial notice.

**STATEMENT OF RELIEF REQUESTED**

TetraMem moves this Court for an order to dismiss the patent infringement causes of action raised against TetraMem for failure to state plausible claims for which relief may be available under Rules 8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Specifically, Plaintiff's FAC (1) fails to provide adequate notice of patent infringement claims to TetraMem, in violation of Fed. R. Civ. P. Rule 8(a)(2), and (2) consists of conclusory assertions without any evidentiary support for plaintiff's claims against TetraMem, in violation of Fed. R. Civ. P. Rule 12(b)(6). This is Plaintiff's ***fourth*** attempt at pleading the same deficient claim for infringement of U.S. Patent No. RE45,259 ("'259 patent") against TetraMem, as Plaintiff reiterates baseless allegations very similar to Plaintiff's Complaint in this action as well as previous complaints he filed against TetraMem in the first action he initiated in 2023. Because the FAC at issue here remains insufficient to state a claim for patent infringement, Plaintiff's FAC should be dismissed ***with prejudice*** in its entirety.

TetraMem also moves for an order to strike certain allegations of Paragraphs 10, 11, 12, 13, and 14 of the FAC, pursuant to Fed. R. Civ. P. Rule 12(f) because they are irrelevant, derogatory,

defamatory, scandalous, and unnecessary statements that have no bearing on Plaintiff's futile claim for patent infringement.

## I.    INTRODUCTION

Plaintiff Xiaohua Huang's FAC comes nowhere close to the pleading standard required by *Iqbal-Twombly* because of its conclusory assertions of patent infringement.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 554-55 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009).  The FAC entirely fails to provide (1) TetraMem fair notice of Plaintiff's patent infringement claims pursuant to Fed. R. Civ. P. Rule 8(a)(2) and (2) sufficient facts in support of each element of direct infringement (either literally or under the doctrine of equivalents), induced infringement, and/or contributory infringement claims under Fed. R. Civ. P. Rule 12(b)(6).

A dismissal with prejudice is appropriate because Plaintiff has already had numerous opportunities to attempt to plead this claim of patent infringement and address its deficiencies, as TetraMem explained the problems with these allegations.  Indeed, this FAC reiterates groundless allegations very similar to Plaintiff's Complaint in this action as well as previous complaints he filed against TetraMem in the first action initiated in 2023.  *Compare* Dkt. No. 26 *with* Dkt. No. 1-3; *compare* Dkt No. 26 *with Xiaohua Huang v. TetraMem Inc.*, No. 23-cv-04936-SVK (N.D. Cal. 2023) ("*Huang I*"), Dkt. Nos. 1 and 15.

Specifically, in 2023, Plaintiff brought an action in the Northern District of California, asserting the same patent, the '259 patent, against TetraMem.  *Huang I*, Dkt. No. 1.  In that case, TetraMem moved to dismiss the original complaint and the first amended complaint Plaintiff filed due to a failure to articulate a viable claim for patent infringement.  *Id.*, Dkt. Nos. 8, 28.  TetraMem also had filed a motion for attorneys' fees under 35 U.S.C. § 285, given the lack of basis for Plaintiff's patent infringement allegations.  *Id.*, Dkt. No. 10.  However, before the Court could rule on TetraMem's motion, Plaintiff voluntarily dismissed Huang I without prejudice, without any prior notice or discussion with TetraMem, on January 29, 2024.  *Id.*, Dkt. No. 35.  The case was closed on February 5, 2024.  *Id.*, Dkt. No. 36.

After the dismissal, Plaintiff threatened to file a new case, asserting the same groundless

claims.  As a showing of good faith, TetraMem provided Plaintiff substantive responses why he had

no basis for his allegations.  Declaration of James Hannah ("Hannah Decl."), filed herewith, Exs. 1-5,

(emails of Mr. Huang dated February 12, 2024, April 27, and 28, 2024, September 30, 2024, October

4, 9, 11, and 20, 2024; *id.*, Ex. 6 (TetraMem's Letter dated April 29, 2024 ("April 29, 2024 Letter")).

Despite being provided with this information, Plaintiff, nonetheless, filed a Complaint on October 22,

2024, asserting the exact same baseless allegations against TetraMem that he voluntarily dismissed in

*Huang I* (with the exception that the allegations in Paragraphs 7 and 8, which are new).  *Compare*

Dkt No. 1 *with Huang I*, Dkt. Nos. 1 and 15.  On November 11, 2024, TetraMem filed a Motion to

Dismiss and Strike the Complaint (Dkt. No. 19), only for Plaintiff to file a FAC in this action on

November 25, 2024 (Dkt. No. 26).

Despite TetraMem's good faith efforts to demonstrate to Plaintiff that TetraMem did not and

could not infringe his patents, particularly as set forth in the April 29, 2024 Letter, Plaintiff insists on

pursuing the very baseless allegations that he had already voluntarily dismissed.  *Huang I*, Dkt. Nos.

15, 15-1 to 15-3, 22; Dkt. Nos. 1-3, 26.  Indeed, this is Plaintiff's *fourth* attempt at pleading this

patent infringement claim against TetraMem, and Plaintiff has still been unable to make any different

or new allegations because he has no basis to make an assertion in the first instance.  Thus, dismissal

**with prejudice** is appropriate.

As a final note, Paragraphs 10-14 of Plaintiff's FAC contain irrelevant and derogatory

statements about TetraMem and its counsel ("TetraMem's counsel").  Such wholly unnecessary and

baseless statements, have no place in a patent infringement complaint and should be stricken.  For

these reasons, TetraMem's motion to dismiss and strike should be granted with prejudice.

## II.    STATEMENT OF ISSUES TO BE DECIDED

Whether the Court should dismiss Plaintiff's FAC because his conclusory assertions of patent

infringement do not meet the requisite pleading standards.

Whether the Court should strike Plaintiff's unnecessary allegations about TetraMem and

TetraMem's counsel.

### III.     STATEMENT OF FACTS

Plaintiff is well aware of the defects in his patent claim against TetraMem, as Plaintiff's FAC contains allegations very similar to Plaintiff's Complaint in this action, and the previous complaints he filed against TetraMem in *Huang I*.  *Compare* Dkt. No. 26 *with* Dkt. No. 1-3 in the instant action; *compare* Dkt. No. 26 *with Huang I*, Dkt. Nos. 1 and 15.  In TetraMem's November 11, 2024 Motion to Dismiss and Strike the Complaint (Dkt. No. 19), TetraMem explained in detail the problems with Plaintiff's allegations, only for Plaintiff to file a FAC two weeks later on November 25, 2024.

As explained in TetraMem's last motion to dismiss and strike and in its previous motions to dismiss filed in *Huang I*, Plaintiff has continued to file complaints that are woefully deficient because he fails to cite any facts to support his patent infringement claim of the '259 patent, and merely makes conclusory statements.  Dkt. No. 19; *Huang I*, Dkt. Nos. 8, 10, 20, 28 and 32.  Indeed, after *four* attempts, Plaintiff is still unable to (a) properly identify any direct infringers or (b) show that TetraMem had the knowledge of either the '259 patent or the alleged infringement.  Although in its FAC, Plaintiff vaguely mentions for the first time "TetraMem MX 100" chip as an accused product, Plaintiff then sets forth the same allegations in his FAC related to a type of memory technology, "RRAM or ReRAM."  Dkt. No. 26, ¶¶ 15, 18.  Thus, the FAC is not tailored to describe any alleged infringement of "TetraMem MX 100" chip.  *Huang I*, Dkt. Nos. 1, 15; Dkt. Nos. 1-3 and 26.

Further, Plaintiff is no stranger to being a patent plaintiff, as he filed fifty-three (53) patent infringement cases in different jurisdictions over the years.  *See* Hannah Decl., ¶¶ 4-5, Exs. 7, 8.  Here, between *Huang I* and this case, Plaintiff filed *four* different complaints against TetraMem within the last year with *no substantive changes* to his allegations.  Despite his background in patent litigation, Plaintiff is still unable to follow the federal and local rules.  As described in a footnote in *Huang v. Genesis Glob. Hardware, Inc.*, Magistrate Judge Kendall J. Newman "note[d] other patent cases plaintiff ha[d] brought as a *pro se* litigant, which include citations to plaintiff's history of vexatious conduct and inability to follow the federal and local rules of court—despite being given multiple opportunities to do so."  No. 2:20-cv-1713-JAM-KJN, Dkt. No. 33 at 7 n.5 (E.D. Cal. Dec. 15, 2020) (Hannah Decl., Ex. 9).

Magistrate Judge Kendall J. Newman also listed the cases below showing Plaintiff's inability to follow the federal and local rules, including:

(1)    *Huang v. MediaTek USA, Inc.*, 815 F. App'x 521, 525 (Fed. Cir. 2020) (affirming district court's decision dismissing the action with prejudice, despite "four opportunities to serve proper contentions . . . , multiple warnings and ample guidance from the district court.");

(2)    *Huang v. Open-Silicon, Inc.*, No. 18-cv-00707-JSW, 2018 U.S. Dist. LEXIS 221487 (N.D. Cal Aug. 27, 2018) (granting product manufacturer's motion to intervene in an infringement suit against small seller of products, staying case to await resolution of manufacturer's patent invalidity suit, and denying plaintiff's motion to amend for failure to follow the local rules, failure to offer more than just boilerplate in the proposed amendments, and failure to demonstrate good faith attempts at supporting factual inferences); *id.*, No. 18-cv-00707-JSW, Dkt. No. 86 (N.D. Cal. Oct. 29, 2018) (granting plaintiff's claims dismissal at his request) (Hannah Decl., Ex. 10); and

(3)    *Huang v. Huawei Techs. Co.*, No. 2:15-cv-01413-JRG-RSP, 2017 WL 1133201, at *3 (E.D. Tex. Mar. 27, 2017), *aff'd*, 735 F. App'x 715 (Fed. Cir. 2018) ("*Huawei I*") (sanctioning plaintiff for his "bad faith and an abuse of the judicial process").

*Genesis Glob.*, Dkt. No. 33 at 7 n.5 (Hannah Decl., Ex. 9).

## IV.    ARGUMENT

### A.    TetraMem's Motion to Dismiss Should be Granted Because Plaintiff Fails to State a Claim of Patent Infringement Against TetraMem Under Rules 8(a)(2) and 12(b)(6) of Fed. R. Civ. P.

Plaintiff's claims of patent infringement against TetraMem fail to provide fair notice of his claims to TetraMem, as required by Fed. R. Civ. P. Rule 8(a)(2), and as such, should be dismissed under Fed. R. Civ. P. 12(b)(6).  The Supreme Court held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' [under Rule 8(a)] requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 554-55 (citations omitted).  It also cautioned that "[t]hreadbare recitals of the elements of a cause of action" and "mere conclusory statements" are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678-79.  As such, in order to survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  And, a claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

As a threshold matter, the FAC does not "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *See Sliding Door Co. v. KLS Doors, LLC*, No. EDCV 13-00196 JGB (DTBx), 2013 WL 2090298, at *3 (C.D. Cal. May 1, 2013) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).  Plaintiff simply makes conclusory statements and does not give fair notice to TetraMem of what the claims are and the grounds upon which they rest.  *Twombly*, 550 U.S. at 555.

Indeed, Paragraph 23 is an example showing that Plaintiff relies largely upon conclusory assertions of patent infringement, which fails to meet the *Iqbal-Twombly* standard:

> On information and belief, Defendant TetraMem has induced its Customers to have infringed and continue to infringe directly, indirectly, literally, [under the] Doctrine of Equivalent[s] the claim 29 of 'RE259 patent by using the devices which infringes the claim 29 of 'RE259 patent.  The Customers of the Defendant uses the function of reading and writing data and information which contains the circuit and logic reading the claim 29 of the 'RE259 patent.  The using of function of reading and writing data and information in accused devices are completely not a staple article or commodity of commerce suitable for substantial non-infringing use.

Dkt. No. 26, ¶ 23.  This Paragraph also illustrates some of the problems with Plaintiff's allegations, which seemingly conflate different types of patent infringement, from direct to indirect infringement, as well as literal and infringement under the doctrine of equivalents.  This lack of clarity of the

infringement allegations,[1] and conclusory statements without any facts fails to give TetraMem appropriate notice of precisely what is at issue and how Plaintiff claims TetraMem is allegedly infringing the '259 patent.

### 1.    Plaintiff Fails to Plead Direct Infringement

The Court should dismiss Plaintiff's claims of direct infringement against TetraMem because the FAC fails to satisfy the *Iqbal/Twombly* standard. "[T]o properly plead direct infringement under *Twombly* and *Iqbal,* a plaintiff must plausibly allege that a defendant directly infringes each limitation in at least one asserted claim." *Scripps Rsch. Inst. v. Illumina, Inc.,* No. 16-cv-661 JLS (BGS), 2016 WL 6834024, at \*5 (S.D. Cal. Nov. 21, 2016) (citation omitted). This is simply not the case here.

The FAC is still devoid of factual allegations regarding the alleged infringement of the '259 patent. Dkt. No. 26. For example, Plaintiff's allegations fail to explain how TetraMem's accused product, TetraMem's MX 100 chip, allegedly infringes the '259 patent. *Id*. Specifically, in Paragraph 15 of the FAC, Plaintiff merely mentions a chip called "TetraMem MX 100" as the accused product, and alleges that "th[is] information [included in Exhibit 1] proves that TetraMem has made and offer to sell ReRAM and ReRAM based above products." Dkt. Nos. 26, ¶ 15; Dkt. No. 26-2 (FAC, Ex. 1). However, this Exhibit is not pertinent because it does not support any claim of infringement. Dkt. No. 26-2 (FAC, Ex. 1). Indeed, Exhibit 1 includes various website pages related to TetraMem and its development of a chip containing a ReRAM technology (e.g., "TetraMem Inc. . . . a startup that is developing analog-in-ReRAM compute processor architecture;" or "[t]his revolutionary AI accelerator chip for edge inference is distinguished as the market's only multi-level RRAM analog in-memory computing system."). *Id.* at 2, 7.

Also, Paragraphs 16 and 17 of the FAC, which appear to describe "the basic ReRAM storage cell structure," and "ReRAM cell array" fail to support any claim of patent infringement. Dkt. No. 26, ¶¶ 16-17. Notably, these allegations fail to explain why "TetraMem MX 100" chip would meet

---

[1] While it is unclear whether Plaintiff is truly asserting both literal and doctrine of equivalents for both direct and indirect infringement, TetraMem addresses each type of infringement individually.

1  each element of *any* claim of the '259 patent.  *Id.*  Additionally, Plaintiff makes therein various

2  conclusory statements and produces figures ("Figure 1, Figure 2 and Figure 3") – whose source or

3  provenance is not identified – without any specific explanation as to their pertinence to the alleged

4  patent infringement claims.  *Id.*, ¶¶ 16-18.

5        Further, the FAC fails to state a claim by failing to map a claim limitation or providing

6  "sufficient factual allegations regarding how an accused product meets each of a claim's limitations."

7  *Document Sec. Sys., Inc. v. Everlight Elecs. Co.*, No. CV 17-04273 JVS (JCGx), 2017 WL 10545081,

8  at *2 (C.D. Cal. Nov. 16, 2017) (citation omitted).  For instance, Plaintiff's alleged "Claim chart of

9  Claim 29 of US Patent RE45259" in Paragraph 18 is unintelligible.  Dkt. No. 26, ¶18.  This purported

10  "claim chart" presents a confusing mix of unorganized statements, making it difficult to understand

11  or interpret.  *Id.*; *Golden v. Apple Inc.*, 819 F. App'x 930, 931 (Fed. Cir. 2020), *cert. denied*, 141 S.

12  Ct. 1067 (2021) (holding that plaintiff's complaint was subject to summary dismissal as frivolous and

13  specifically rejected pro se party's claim charts and allegations of infringement because they

14  contained "a dizzying array of disorganized assertions," and "disingenuously us[e] the words of the

15  claims to generally describe cryptically identified structures.").

16        Moreover, the allegations of the FAC are not tailored specifically to the TetraMem MX 100

17  chip, but contains the same allegations cited in the Complaint and prior complaints related to a type

18  of memory technology, "RRAM [or ReRAM] of TetraMem."  *Compare* Dkt. No. 26 *with* Dkt. Nos.

19  1-3 and 1-3, Exhibit X1 at 1-7 ("Plaintiff's infringement analysis prior to file complaint"); *compare*

20  Dkt. No. 26 *with Huang I*, Dkt. Nos. 15 and 15-2, Exhibit X1 ("Plaintiff's infringement analysis prior

21  to file complaint").

22        In the same vein, Paragraphs 6 (related to the alleged invention of "high speed & low power

23  logic and circuit design for Ternary Addressable Memory (TCAM) and an alleged lawsuit involving

24  Plaintiff and CMOS Micro Device, Inc. ) and 8 (related to an alleged meeting with Dr. Ge, the CEO

25  of TetraMem, Inc. on February 1, 2020) of the FAC and Plaintiff's Exhibits do nothing to support

26  Plaintiff's claims of infringement, and the majority of Plaintiff's Exhibits to the FAC are unclear and

27

28

irrelevant as they do not, in any way, support Plaintiff's patent infringement contentions, as shown below.

- Exhibit 5 related to "Claim interpretation";

- Exhibit 7 related to "The Emperor's New Clothes";

- Exhibit 8 related to "Elizabeth Anne Holmes";

- Exhibit 9 related to the "CMOS Micro Device";

- Exhibit 10 related to a "Court Order on the Technical information of CMOS Micro Device, Inc.";

- Exhibit 11 related to "Andy's email of Cisco."

Dkt. Nos. 26-5 through 26-10.

Further, the FAC fails to state a plausible claim of infringement under the doctrine of equivalents because it fails to identify any allegedly equivalent within TetraMem's device, which would correspond to an element described in the '259 patent. The FAC's direct infringement allegations (either literally or under the doctrine of equivalents) fail to "give the defendant fair notice what the plaintiff's claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

Additionally, the FAC fails to state a plausible claim of infringement under the doctrine of equivalents because again it lacks the plausibility and particularized facts required to state a claim under the *Iqbal/Twombly* standard. *See Document Sec. Sys.*, 2017 WL 10545081, at *2 ("under the doctrine of equivalents, a claim for direct infringement must be applied to individual elements of the claim, not to the invention as a whole.") (internal quotations and citation omitted). Although the FAC mentions "the doctrine of equivalents," it fails to identify any allegedly equivalent within TetraMem's device (much less what structure is being identified in the device) which would correspond to an element described in the '259 patent. Thus, the doctrine of equivalents claim raised in the FAC should be dismissed for failing to meet the standard set forth in *Iqbal/Twombly*.

Finally, in Paragraph 13, Plaintiff alleges that "[t]he new complaint is also based on the new information provided by Defendant in Exhibit 3 that defendant's product is design[ed] with '1R 1T' structure which is consistent with the structure of Figure 2 and Figure 3 in plaintiff's analysis on how

defendant's products infringe the us patent RE45259 Exhibit X1." Dkt. No. 26, ¶ 13.  However, Plaintiff makes this unsubstantiated claim, without explaining or describing how this structure allegedly infringed Plaintiff's '259 patent.  *Id.*

Thus, the FAC's direct infringement allegations, both literally or under the doctrine of equivalents, fail to "give the defendant fair notice what the plaintiff's claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555.  On his now ***fourth*** attempt in pleadings asserted against TetraMem, Plaintiff still fails to identify how TetraMem's accused products, including TetraMem MX100, allegedly infringe his patent, only further demonstrating the implausibility of his claims.  *See Huang I*, Dkt. Nos. 1, 15.  As such, Plaintiff's FAC should be dismissed.

### 2.     Plaintiff Fails to Plead Induced Infringement

The FAC fails to plead induced infringement because it does not properly identify any direct infringers or provide sufficient facts in which the Court could plausibly infer TetraMem's knowledge. *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015).  In particular, to plead induced infringement, Plaintiff must plead that "the alleged inducer [1] ***knew*** of the patent, [2] ***knowingly*** induced the infringing acts, and [3] possessed ***a specific intent*** to encourage another's infringement of the patent."  *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009) (citing *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006) (emphasis added)).  These types of factual allegations are missing from the FAC.

As mentioned above, the FAC generally alleges that "Defendant TetraMem has induced its Customers to have infringed . . . by using the devices which infringes the claim 29 of 'RE259 patent" and the "[c]ustomers of the Defendant uses the function of reading and writing data and information which contains the circuit and logic reading the claim 29 of the 'RE259 patent." Dkt. No. 26, ¶ 23. However, there is no identification of any specific product or customer that has been induced to infringe.  Moreover, there is no allegation of a specific intent to induce infringement.  It is wholly unfair for TetraMem to try and intuit what is being alleged against it.  Simply put, the FAC alleges no facts from which it could be plausibly inferred that any of the elements for induced infringement are met.  *Commil USA*, 575 U.S. at 639.

### 3. Plaintiff Fails to Plead Contributory Infringement

With respect to Plaintiff's contributory infringement claim against TetraMem, Plaintiff's FAC contains the same deficiencies, as discussed above, as well as in TetraMem's earlier filed Motion to Dismiss and Strike Plaintiff's Complaint (and were also at issue in *Huang I*). Dkt. No. 19; *Huang I*, Dkt. Nos. 8, 28. Again, Plaintiff's FAC is conclusory and devoid of supporting facts. And Plaintiff also failed to provide sufficient facts showing that TetraMem had the knowledge of either the '259 patent or the alleged infringement.

To establish contributory infringement claims of a patent, plaintiff must establish four elements: (1) defendant sold a component or material for use in practicing the patented process; (2) the component or material constitutes a material part of the invention; (3) defendant ***knew*** that the item it sold was especially made or adapted for use in infringing the patented method; and (4) the item sold is not a staple article or commodity of commerce suitable for substantial noninfringing use. 35 U.S.C. § 271(c); *Sandisk Corp. v. Lexar Media, Inc.*, 91 F. Supp. 2d 1327, 1331 (N.D. Cal. 2000).

The only possible statement in the FAC that might relate to contributory infringement claim is the following conclusory statement: "[t]he using of function of reading and writing data and information in accused devices are completely not a staple article or commodity of commerce suitable for substantial non-infringing use." Dkt. No. 26, ¶ 23. However, nothing in Plaintiff's FAC pertains to the elements required to support a claim for contributory infringement. In particular, the FAC failed to provide sufficient facts showing that TetraMem had the knowledge of the '259 patent or the alleged infringing nature of its acts.

As such, Plaintiff's contributory infringement claim should be dismissed as well since the allegations of the FAC do not raise a plausible inference of contributory infringement. *See Artrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (holding contributory infringement claim was insufficiently pled where the complaint "did not plausibly assert facts to suggest that [defendant] was aware of the patents or facts to suggest that the aluminum it supplied had no substantial noninfringing use") (citation omitted); *see also Addiction & Detoxification Inst. L.L.C. v. Carpenter,* 620 F. App'x 934, 938 (Fed. Cir. 2015).

**B.    Dismissal Should Be With Prejudice as Plaintiff Has Had Multiple Opportunities Already to Plead a Proper Complaint**

Dismissal with prejudice is appropriate because the FAC is Plaintiff's ***fourth*** attempt at pleading a claim of patent infringement for the '259 patent against TetraMem, and Plaintiff has done nothing to address the deficiencies in his allegations.  As such, any further amendment would be futile because Plaintiff cannot cure any major deficiencies in his FAC, apparent from the fact that he has already tried four times to make such allegations against TetraMem and still has been unable to set forth any plausible allegations.  TetraMem should not be forced to continue incurring additional legal fees and costs in responding to Plaintiff's deficient complaints.  For similar reasons, on January 26, 2024, the Court granted "Amazon's motion to dismiss [p]laintiff's second amended complaint under Fed. R. Civ. P. 12(b)(6)" finding that "amendment would be futile" in a case where Plaintiff asserted the '259 patent against Amazon.  *Huang v. Amazon.com Inc.*, No. 23-cv-04679-NC, Dkt. No. 95 at 7 (N.D. Cal. Jan. 26, 2024) (Hannah Decl., Ex. 11).

The Court stated its rationale in relevant part as follows:

> Plaintiff ha[d] been on notice of the confusing and disconnected nature of his pleadings. ***However, at every opportunity, Plaintiff ha[d] failed to meaningfully engage with either Meta or Amazon's critiques***. While proceeding without an attorney, other courts have noted ***Plaintiff "is a sophisticated pro se litigant, an engineer, and a business owner." Thus, the Court construes Plaintiff's refusal to clarify his pleadings, in light of his prior experience in patent litigation, to mean any further amendment would be futile***.

*Id.* (internal citations omitted) (emphasis added).

Another reason to dismiss this case with prejudice is to prevent and deter Plaintiff from re-filing the same deficient complaint.  Indeed, in *Huang v. Amazon.com, Inc.*, Plaintiff filed the same deficient complaint that he had filed in another case against defendant Nephos, Inc.  *Compare Huang v. Amazon.com, Inc.*, No. 19-cv-05853-WHA, Dkt. No. 1 (N.D. Cal. Sept. 19, 2019) ("*Amazon*") (Hannah Decl., Ex. 12) *with Huang v. Nephos Inc.*, No. 18-cv-06654-WHA, Dkt. No. 1 (N.D. Cal. Nov. 1, 2018) ("*Nephos*") (Hannah Decl., Ex. 16).  This prompted Amazon to file a notice of the pendency of a related case, showing that the Court had previously dismissed with prejudice Plaintiff's

action against defendant Nephos, Inc. involving the same infringement allegations regarding the same patents. *Nephos*, Dkt. No. 89 (Hannah Decl., Ex. 17). Once the case against Amazon was reassigned, Plaintiff dismissed the case against Amazon promptly thereafter. *Amazon*, Dkt. Nos. 24, 25, 26 (Hannah Decl., Exs. 13-15).

Given the level of sophistication that Plaintiff has with patent litigation, having previously filed fifty-three (53) other complaints, Plaintiff is well aware of the litigation process and should be well aware the requirements for pleading a patent infringement claim. Nonetheless, Plaintiff has persisted in pursuing the same deficient allegations here after voluntarily dismissing his previous amended complaint in *Huang I*. A dismissal with prejudice would prevent further abuse of the judicial process and not use up precious judicial resources.

### C.     TetraMem's Motion to Strike Paragraphs 10, 11, 12, 13, and 14 of the FAC, pursuant to Rule 12(f) of Fed. R. Civ. P.

Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Immaterial matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *reversed and remanded on other grounds by* 114 S.Ct. 1023 (1994) (citation omitted). And, "'[s]candalous' includes allegations that cast a cruelly derogatory light on a party to other persons." *CTH 1 Caregiver v. Owens*, No. 8:11-cv-2215-TMC, 2012 WL 2572044, at *5, *7 (D.S.C. July 2, 2012) (finding that certain "paragraphs are irrelevant to the current action and they should be stricken.") (citation omitted). "The granting of a motion to strike scandalous matter is aimed, in part, at avoiding prejudice to a party by preventing a jury from seeing the offensive matter or giving the allegations any other unnecessary notoriety inasmuch as, once filed, pleadings generally are public documents and become generally available." *Id.* at *5 (quoting Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed. 2011)); *see also, e.g.*, *Ghahremani v. Borders Grp., Inc.*, No. 10-cv-1248-BEN-RBB, 2010 WL 4008506, at *1, *3 (S.D. Cal. Oct. 6, 2010) (granting defendants' motion to strike paragraph 33 because it is "immaterial and impertinent for purposes of Rule 12(f)," and stating that "[c]ourts will grant motions to strike if the

allegations have no possible relation to the controversy and their presence in the pleading will

prejudice the moving party.") (citing *Fantasy*, 984 F.2d at 1527) (further citation omitted).

Here, the allegations of Paragraphs 10-14 of the FAC should be stricken because they are

baseless, improper, derogatory, unnecessary, and irrelevant to Plaintiff's patent infringement claim.

Additionally, and as equally important, such scandalous and false allegations against TetraMem's

counsel and TetraMem are publicly available, and cause harm to the reputation of TetraMem's counsel

and TetraMem, unless these wholly unsupported statements are stricken.

The following allegations are inappropriate:

- "Defendant's counsel used all the erroneous information and the erroneous decision of the previous cases in the past to defame Plaintiff and cheat the Court."  Dkt. No. 26, ¶10.

- "Defendant Counsel James Hannah in case 5:23-cv-04936-SVK and in this case have violated his oath to the God, his conducts may have himself, his family and descendants suffer from his wrongful conduct."  Dkt. No. 26, ¶11.

- "Defendant's conduct of instructing their Counsels to lie, cheat and use false information to defame Plaintiff and cheat the Court are somehow consistent with their other unethical conducts. Defendant and their founders filed many patents to protect their own technology, but use Plaintiff's patent without licensing and refuse to license. Defendants have used Plaintiff's patent to have built several sample chips, measured some data from those chips and published the papers on science journal then obtained 60 million USD income (investment). TetraMem has offered to sell its ReRAM designed with using US patent RE45259 without licensing."  Dkt. No. 26, ¶11.

- "Before filing [sic] new complaint in this case I have contacted James Hannah many time [sic] to seek the resolution, but James Hannah does want to [sic] resolution, he wants [sic] attorney fees. One time his client wants to resolve the case James Hannah offered me $1000 to resolve the disputes. I feel that James Hannah's conduct is too strange from a patent litigation attorney's $400-1000 hour rate, then I found that James Hannah graduated from Golden Gate University, School of Law (According to U.S. News & World Report, Golden Gate University's School of Law is ranked 180–196 overall out of 196 law schools for 2024)."  Dkt. No. 26, ¶12.

- "Plaintiff pointed out defendant counsel's cheating conduct with Exhibit 4 and Exhibit 5."  Dkt. No. 26, ¶13.

- "Before filing complaint in this case I sent email to James Hannah and asked him sincerely to focus on the discussion of whether infringement only in this case [sic] since my previous case is already ruled by the Court. I asked him not to personal [sic] defame me, use previous cases to bias the Court and not ask for attorney fees. But

James Hannah still did the same as he did in case 5:23-cv-04936-SVK in his motion to dismiss ECF No.19. James Hannah's conduct in this case violated his Oath to the GOD again." Dkt. No. 26, ¶14.

Here, the FAC fails to show a patent infringement claim against TetraMem. As such, there is no basis to allege that TetraMem "use Plaintiff's patent without licensing and refuse to license." Dkt. No. 26, ¶ 11. Further, Defendant's counsel has not defamed Plaintiff nor misled the Court as they relied on Court's decisions to support their allegations as to Plaintiff's pattern of filing frivolous complaints. Additionally, Plaintiff should cease making defamatory statements about TetraMem. Indeed, his claims of TetraMem's unethical conduct or conduct of TetraMem's counsel is wholly unsubstantiated and has nothing to do with his purported claim for patent infringement. *Id.*, ¶¶ 10, 11, and 13. Plaintiff should refrain from attacking the reputation of both TetraMem and TetraMem's counsel. *Id.*, ¶¶ 10-14.

Because these allegations of Paragraphs 10-14 do not pertain, and are not necessary to this alleged patent infringement case action, and there is no basis for such statements, they should be stricken, pursuant to Fed. R. Civ. P. Rule 12(f). *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 566-67 (C.D. Cal. 2005) (holding that a motion to strike will generally not be granted unless it is clear the matter to be stricken could not have any possible bearing on the subject matter of the litigation).

## V.    CONCLUSION

For the foregoing reasons, TetraMem respectfully requests that the Court dismiss the FAC against TetraMem in its entirety pursuant to Rules 8(a)(2) and 12(b)(6) of Federal Rules of Civil Procedure, and the Court strike Paragraphs 10-14 of the FAC pursuant to Rule 12(f) of Federal Rules of Civil Procedure.

1

2     Dated:  December 9, 2024

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

By:  */s/ James Hannah*
     James Hannah (Bar No. 237978)
     KRAMER LEVIN NAFTALIS
     & FRANKEL LLP
     333 Twin Dolphin Drive, Suite 700
     Redwood Shores, CA 94065
     Telephone: (650) 752-1700
     Facsimile: (650) 752-1800
     jhannah@kramerlevin.com

     *Attorneys for Defendant*
     TetraMem Inc.

**PROOF OF SERVICE**

I, James Hannah, am employed in the Redwood Shores, California office of Kramer Levin Naftalis & Frankel LLP.  I am over the age of 18 and not a party to the within action.  My business address is 333 Twin Dolphin Drive, Suite 700, Redwood Shores, California 94065.  I am readily familiar with the firm's practice of collecting and processing of mail for mailing with the U.S. Postal Service and overnight delivery services.

On December 9, 2024, I caused the following document(s):

**DEFENDANT TETRAMEM INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE PLAINTIFF XIAOHUA HUANG'S FIRST AMENDED COMPLAINT UNDER RULES 12(b)(6) AND 12(f) OF FEDERAL RULES OF CIVIL PROCEDURE**

**DECLARATION OF JAMES HANNAH IN SUPPORT OF DEFENDANT TETRAMEM INC.'S MOTION TO DISMISS AND STRIKE PLAINTIFF XIAOHUA HUANG'S FIRST AMENDED COMPLAINT UNDER RULES 12(b)(6) AND 12(f) OF FEDERAL RULES OF CIVIL PROCEDURE**

**[PROPOSED] ORDER GRANTING DEFENDANT TETRAMEM INC.'S MOTION TO DISMISS AND STRIKE PLAINTIFF XIAOHUA HUANG'S FIRST AMENDED COMPLAINT UNDER RULES 12(b)(6) AND 12(f) OF FEDERAL RULES OF CIVIL PROCEDURE**

to be served by email on the following:

Xiaohua Huang
P.O. Box 1639
Los Gatos, CA 95031
paul-huang03@outlook.com

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.  Executed on December 9, 2024, in Redwood Shores, California.

*/s/ James Hannah*
James Hannah

1