UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIAOHUA HUANG,<br><br>    Plaintiff,<br><br>    v.<br><br>TETRAMEM, INC.,<br><br>    Defendant. | Case No. 5:24-cv-07181-PCP<br><br>**ORDER GRANTING MOTIONS TO DISMISS AND STRIKE AND DENYING MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Re: Dkt. Nos. 28, 31 |

Pro se plaintiff Xiaohua Huang alleges that defendant TetraMem infringes U.S. Patent No. RE45,259 ("the '259 patent"), which Huang owns. This is the second action that Huang has brought against TetraMem in this district alleging infringement of the '259 patent. *See Xiaohua Huang v. TetraMem Inc.*, No. 23-cv-04936 (*Huang I*). Huang voluntarily dismissed *Huang I* on January 29, 2024, before the court could decide TetraMem's then-pending motion to dismiss the amended complaint in that case. Huang filed this action asserting very similar claims less than nine months later.

TetraMem moves to dismiss Huang's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and to strike sections of it pursuant to Federal Rule of Civil Procedure 12(f). Additionally, TetraMem moves for attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 11. For the following reasons, the motions to dismiss and strike are granted and the motion for attorneys' fees and costs is denied.

**LEGAL STANDARD**

**I.    Rule 12(b)(6)**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." If the complaint fails to state a claim, the defendant may move for dismissal under Federal Rule of Civil Procedure 12(b)(6).

1   Dismissal is required if the plaintiff fails to allege facts allowing the Court to "draw the reasonable
2   inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,
3   678 (2009). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a
4   cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v.*
5   *Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6)
6   motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its
7   face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

8       In considering a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the
9   complaint as true and construe the pleadings in the light most favorable" to the non-moving party.
10  *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009). While legal
11  conclusions "can provide the [complaint's] framework," the Court will not assume they are correct
12  unless adequately "supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts do not "accept
13  as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable
14  inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell*
15  *v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

16  **II.   Rule 12(f)**

17      Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an
18  insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Immaterial
19  matter is "that which has no essential or important relationship to the claim for relief or the
20  defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on*
21  *other grounds*, 510 U.S. 517 (1994). "Scandalous material has been defined as allegations that cast
22  a cruelly derogatory light on a party or person." *Holmes v. Elec. Document Processing, Inc.*, 966
23  F. Supp. 2d 925, 938 (N.D. Cal. 2013) (cleaned up). "The rationale behind granting motions to
24  strike is to 'avoid … prejudice to a party by preventing a jury from seeing the offensive matter or
25  giving the allegation any unnecessary notoriety.'" *In re Valence Tech. Sec. Litig.*, No. C 94-1542-
26  SC, 1995 WL 274343, at *18 (N.D. Cal. May 8, 1995) (quoting 5A Charles A. Wright and Arthur
27  R. Miller, *Federal Practice and Procedure* § 1382, at 715 (2d ed. 1990)). Motions to strike are
28  "generally not granted unless it is clear that the matter to be stricken could have no possible

2

bearing on the subject matter of the litigation." *LeDuc v. Ky. Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992). The moving party has the burden to show that the allegations it hopes to strike as irrelevant will cause "specific undue prejudice." *In re Facebook PPC Advert. Litig.*, 709 F. Supp. 2d 762, 773 (N.D. Cal. 2010). Ultimately, "[w]hether to grant a motion to strike lies within the sound discretion of the district court." *Woods v. Google LLC*, No. 5:11-cv-01263, 2018 WL 5292210, at *2 (N.D. Cal. Oct. 23, 2018) (cleaned up)

### III.     Rule 11

Federal Rule of Civil Procedure 11 allows the court to impose sanctions if it finds that a lawsuit relies on frivolous legal arguments, lacks a factual basis, or has been filed "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." The "purpose of Rule 11 is to deter baseless filings." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Rule 11 seeks to achieve a balance between, "the desire[s] to avoid abusive use of the judicial process and to avoid chilling zealous advocacy." *Hudson v. Moore Bus. Forms, Inc.,* 836 F.2d 1156, 1159–60 (9th Cir. 1987). An objective standard of reasonableness is applied to determine whether a litigant has met their obligations under Rule 11. *G.C. and K.B. Investments, Inc. v. Wilson,* 326 F.3d 1096, 1110 (9th Cir. 2003).

## ANALYSIS

### I.     Huang fails to state a claim for patent infringement.

Huang appears to allege direct (both literally and under the doctrine of equivalents), induced, and contributory patent infringement.

To prevail on a claim for direct patent infringement, a plaintiff must establish ownership of the patents and show that the accused infringer, without authorization, made, used, offered to sell, sold, or imported the patented invention. 35 U.S.C. § 271(a). "[T]o properly plead direct infringement under *Twombly* and *Iqbal*, a plaintiff must plausibly allege that a defendant directly infringes each limitation in at least one asserted claim." *Scripps Rsch. Inst. v. Illumina, Inc.*, No. 16-cv-661, 2016 WL 6834024, at *5 (S.D. Cal. Nov. 21, 2016) (cleaned up). A plaintiff's claims of infringement do not satisfy "the *Iqbal*/*Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements. There must be some factual

3

allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021).

"To find infringement under the doctrine of equivalents, any differences between the claimed invention and the accused product must be insubstantial. One way of proving infringement under the doctrine of equivalents is to show, for each claim limitation, that the accused product performs substantially the same function in substantially the same way with substantially the same result as each claim limitation of the patented product." *Brilliant Instruments, Inc. v. GuideTech, LLC*, 707 F.3d 1342, 1346–47 (Fed. Cir. 2013) (cleaned up).

To plead inducement, a plaintiff must plead that the "the alleged inducer [1] knew of the patent, [2] knowingly induced the infringing acts, and [3] possessed a specific intent to encourage another's infringement of the patent." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009) (cleaned up).

To plead contributory infringement, a plaintiff must plead four elements: "(1) the defendant sold a component or material for use in practicing the patented method; (2) the component or material constitutes a material part of the invention; (3) the defendant knew that the item it sold was especially made or adapted for use in infringing the patented method; and (4) the item sold is not a staple article or commodity of commerce suitable for substantial noninfringing use." *Sandisk Corp. v. Lexar Media, Inc.*, 91 F. Supp. 2d 1327, 1331 (N.D. Cal. 2000).

Huang fails to state a claim for patent infringement under any theory because his infringement allegations—in addition to being confusing, often unintelligible, and punctuated by lengthy and irrelevant digressions—are conclusory and unsupported by any specific factual allegations showing why it is plausible that TetraMem's products infringe any of the '259 patent's claims. For example, Huang alleges that "[b]ased on the information obtained that the products made by Defendant TetraMem, including but not limited to embedded ReRAM or RRAM IP, also called Analog-in-ReRAM, 'a metal-oxide based cross-point switch', Memristor, 'multi-level RRAM', 'computing memristor', 'analog RRAM' and chips called 'TetraMem MX100' and Cullinan, contain integrated circuit with the function which read the claim 29 of US patent RE45259." Similarly, Huang alleges that "Defendant TetraMem has induced its Customers to

have infringed and continue to infringe directly, indirectly, literally, on Doctrine of Equivalent the claim 29 of the 'RE259 patent by using the devices which infringes the claim 29 of 'RE259 patent. The Customers of the Defendant uses the function of reading and writing data and information which contains the circuit and logic reading the claim 29 of the 'RE259 patent. The using of function of reading and writing data and information in accused devices are completely not a staple article or commodity of commerce suitable for substantial non-infringing use."

As the Federal Circuit has made clear, a plaintiff cannot state a claim for patent infringement by simply "reciting the claim elements and … concluding that the accused product has those elements." *Bot M8*, 4 F.4th at 1353. Instead, "there must be some factual allegations that … articulate why it is plausible that the accused product infringes the patent claim." *Id.* Huang's complaint is devoid of any such factual allegations, and instead merely recites the elements of patent infringement and asserts that TetraMem meets them. Accordingly, Huang's complaint fails to state a claim for patent infringement, and TetraMem's motion to dismiss is granted on that basis.

Leave to amend should generally be freely granted unless amendment would be futile. Fed. R. Civ. P. 15. Having carefully considered the record, the Court concludes that leave to amend would be futile here. As other courts considering some of the at least 53 patent infringement cases Huang has filed in jurisdictions around the county have noted, Huang "is a sophisticated pro se litigant, an engineer, and a business owner." *Huang v. Amazon.com Inc.*, No. 23-CV-04679, 2024 WL 413355, at *4 (N.D. Cal. Jan. 26, 2024); *Xiaohua Huang v. Huawei Techs. Co.*, No. 15-cv-01413, 2017 WL 1133201, at *4 (E.D. Tex. Mar. 27, 2017), *aff'd*, 735 F. App'x 715 (Fed. Cir. 2018). Despite receiving extensive notice of the deficiencies in his claims, Huang has failed to remedy them. Not only has TetraMem filed multiple motions to dismiss detailing why Huang's pleadings are confusing and inadequate in both this action and *Huang I*, but TetraMem also sent Huang a letter explaining the deficiencies in his infringement allegations after Huang's dismissal of *Huang I*. Despite these repeated notices, Huang has consistently failed to modify his allegations in a manner that addresses the insufficiency of his allegations.

On this record, the Court concludes that Huang's failure to clarify his pleadings despite

extensive notice of their deficiencies and in light of his prior experience in patent litigation demonstrates that providing leave for further amendment would be futile. The Court therefore grants TetraMem's motion to dismiss with prejudice and without leave to amend.

## II.     Paragraphs 10 through 14 are stricken from the first amended complaint.

TetraMem argues that paragraphs 10–14 of the amended complaint should be stricken because they are baseless, improper, derogatory, unnecessary, and irrelevant to Huang's patent infringement claims.

These paragraphs accuse defense counsel of various forms of misconduct in this case and in *Huang I*. They also allege that defense counsel and judges in Huang's other patent lawsuits engaged in various form of misconduct.

These allegations are immaterial to Huang's claims for patent infringement. They do not plead facts relevant to the elements of direct, induced, or contributory patent infringement. Further, they risk harming TetraMem's public reputation. Accordingly, the Court grants TetraMem's motion to strike.

## III.    Attorneys' fees and costs

TetraMem argues that Huang's repeated assertion of the same baseless claims in this lawsuit and *Huang I* despite notice of their deficiencies constitutes harassment or, "at the very least, … is calculated to pressure TetraMem into reluctantly entering a settlement agreement." TetraMem argues that Huang's conduct in this case must be interpreted in light of the 53 other patent lawsuits Huang has filed and Huang's repeated judicial admonishments for his vexatious conduct, "bad faith and abuse of the judicial process," and use of litigation to "harass defendant[s]." *Xiaohua Huang v. Genesis Glob. Hardware, Inc.*, No. 2:20-cv-1713, 2020 WL 7360582, at *5 n.5 (E.D. Cal. Dec. 15, 2020); *Huang v. Huawei Techs. Co.*, No. 2:15- cv-01413, 2017 WL 1133201, at *3 (holding that Huang's bad faith conduct justified awarding defendant's attorneys' fees and costs, which ultimately totaled $604,036.71). In *Huang v. Huawei Techs. Co.*, for example, the court determined that Huang's case had been "frivolous from the outset," and his "motive all along was to extract a settlement by whatever means necessary." No. 2:15- cv-01413, 2017 WL 1133201, at *3. TetraMem argues that Huang engaged in similar conduct here and that

6

TetraMem should therefore be awarded its attorneys' fees and costs as a sanction under Rule 11.

TetraMem also contends that the two money orders for $1,000.00 each that Huang sent to TetraMem's counsel—which were accompanied by a note that said, "The enclosed is for you upfront, the other will be after the settlement."—constituted a bribe, and that Huang knew this conduct was impermissible because he had been warned about similar conduct in another case. *See Huang v. Trifecta Networks, LLC*, No. 21-cv-01637, at *1 (M.D. Fla. Dec. 20, 2022) (warning Huang that sending a Christmas card to the court with $2,500 in money orders was "not appropriate" and that similar conduct in the future could lead to sanctions).

Huang's complaint certainly borders on frivolous or harassing for the reasons that TetraMem describes. But Huang's pro se status counsels in favor of resolving all doubts in his favor. "Although Rule 11 applies to pro se plaintiffs, the court must take into account a plaintiff's pro se status when it determines whether the filing was reasonable." *Warren v. Guelker,* 29 F.3d 1386, 1390 (9th Cir. 1994) (per curiam); *cf. id.* (quoting *Kurkowski v. Volcker,* 819 F.2d 201, 204 (8th Cir. 1987) ("We recognize that *pro se* complaints are read liberally, but they still may be frivolous if filed in the face of previous dismissals involving the exact same parties under the same legal theories."). Taking into account Huang's pro se status, and interpreting the complaint liberally, it does not rise to a level warranting sanctions under Rule 11. Huang is cautioned, however, that reasserting any claims against TetraMem similar to those asserted here will likely lead to Rule 11 sanctions given that his claims have been dismissed with prejudice. *See Profita v. Andersen*, No. CV 18-00286-PA, 2018 WL 4199214 (C.D. Cal. Aug. 8, 2018) (declining to impose Rule 11 sanctions on plaintiff due to his pro se status but cautioning him that "future attempts to file a federal lawsuit in this Court on the grounds set forth in the amended complaint may result in the imposition of sanctions"), *report and recommendation adopted by* No. CV 18-00286-PA, 2018 WL 4191611 (C.D. Cal. Aug. 31, 2018), *aff'd*, 771 F. App'x 414 (9th Cir. 2019) .

## CONCLUSION

For the foregoing reasons, TetraMem's motions to dismiss and to strike portions of Huang's complaint are granted. Because the Court finds that amendment would be futile, the dismissal of Huang's complaint is with prejudice and without leave to amend. TetraMem's motion

for attorneys' fees and costs is denied.

**IT IS SO ORDERED.**

Dated: May 7, 2025

P. Casey Pitts
United States District Judge